UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIKAR SINGH,<br><br>Petitioner,<br><br>v.<br><br>MARKWANYE MULLIN ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-03839-JHC<br><br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Bikar Singh's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 1.

## II
## BACKGROUND

Petitioner is a native and citizen of India. Dkt. # 6-1 at 4. On or about October 27, 2023, he entered the United States without inspection. *Id.* The Department of Homeland Security (DHS) detained Petitioner soon after, *id.* at 3, and issued him a Notice to Appear (NTA), charging him as removable under the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i).

*Id*. at 2-3. On October 29, 2023, Petitioner was released from custody on an Order of Release on Recognizance (OREC) under 8 U.S.C. § 1226(a). Dkt. # 6-1 at 2. The OREC prohibited Petitioner from changing his address without first obtaining written permission from an immigration officer. *Id.*

About three years later, on October 5, 2026, U.S. Immigration and Customs Enforcement (ICE) re-detained Petitioner in Wapato, Washington. Dkt. # 6-2 at 3. According to DHS records, Petitioner was detained for allegedly not informing ICE that he had moved from California to Washington. *Id*. Petitioner was transported to the Northwest ICE Processing Center (NWIPC) where he remains today. Dkt. ## 1 at 2; 4 at 3. He then filed this instant Petition for Writ of Habeas Corpus. Dkt. # 1.

## III
## DISCUSSION

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner contends his re-detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person "of life liberty, or property, without due process of law[.]" Dkt. # 1 at 12. The right to due process "applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (collecting cases).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of

the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether a governmental action violates due process generally requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

The traditional test for evaluating due process claims established by *Mathews*, 424 U.S. 319 (1976), "can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).[1]

The Court assesses Petitioner's due process claim applying the *Mathews* test. While Petitioner raises arguments about the *Mathews* factors, Respondents do not.[2] While not

---

[1] In *Rodriguez Diaz*, the Ninth Circuit applied the *Mathews* test, but "assume[d] without deciding" that *Mathews* applies in the context of immigration detention. 53 F.4th at 1207. In applying the *Mathews* test, the Court recognized that other circuits have applied the *Mathews* test to due process challenges to immigration proceedings. *Id.* at 1206. The Ninth Circuit has "regularly applied *Mathews* to due process challenges to removal proceedings." *Id.* And the Supreme Court has applied *Mathews* in a due process challenge to an immigration exclusion hearing. *Id.*; *see Landon v. Plasencia*, 459 U.S. 21 (1982). More recently, courts in this District have repeatedly applied *Mathews* to evaluate noncitizens' due process challenges to re-detention decisions. *See*, *e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention and collecting cases that employ this test in the context of immigration detention); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention); *Kumar v. Wamsley*, 2025 WL 2677089, *2-3 (W.D. Wash. Sept. 17, 2025) (same); *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, *7-8 (W.D. Wash. Oct. 7, 2025) (same); *Tzafir v. Bondi*, 2025 WL 3724708, *2-4 (W.D. Wash. Dec. 24, 2025) (same). The Court likewise applies the *Mathews* test here.

[2] Dkt. # 4 at 6 ("The facts in this case are similar to prior cases where courts have found that [Respondents] violated due process when re-detaining a noncitizen for violations of an OREC without a pre-deprivation hearing." (citing *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1203 (W.D. Wash. 2025))).

"agree[ing] to the issuance of a writ and reserv[ing] the right to appeal," Respondents "rest on the above arguments and those addressed in *Ledesma Gonzalez*." Dkt. # 4 at 6.

A. Private Interest

The first *Mathews* factor considers "the private interest that will be affected by the official action[.]" *Mathews*, 424 U.S. at 335. Freedom from detention "is the most elemental" of private interests affected by official action. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

Even conditional release "is valuable and must be seen as within the protection of the [Due Process Clause]." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377-81 (1987) (recognizing that governmental action can create a liberty interest protected by the Due Process Clause); *Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir. 1982) (same); *see also Kumar*, 2026 WL 668335, at *4 ("District courts in the Ninth Circuit have also recognized that a 'petitioner's liberty interest [does] not expire along with his parole.'").

Here, the Petitioner's "elemental" interest in freedom from detention is strong. *Hamdi*, 542 U.S. at 529. The interest is only strengthened by Respondents' decision to initially release Petitioner on OREC. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that [they] will be re-detained only if [they] violate[] the conditions of [their] release.") (citing *Morrissey*, 408 U.S. at 482). Petitioner was free from detention for nearly three years—seemingly since he entered the United States. Dkt. # 6-1 at 2. This is sufficient time to "gain[ ] a foothold in the United States" and "develop [] ties in this country," and thereby strengthen his interest in being free from re-

detention. *Pablo Sequen v. Albarran*, 800 F. Supp. 3d 998, 1009 (N.D. Cal. 2025) (first quoting *Kaplan v. Tod*, 267 U.S. 228, 230 (1925); and then quoting *Landon*, 459 U.S. at 32–33) (cleaned up).

In revoking Petitioner's release, Respondents have undeniably inflicted a "grievous loss" of Petitioner's liberty, thereby depriving him of a core private interest protected by the Due Process Clause. *See Morrissey*, 408 U.S. 471 at 482. Thus, the first *Mathews* factor favors Petitioner.

B. Risk Of Erroneous Deprivation

The second *Mathews* factor examines "the risk of an erroneous deprivation of [the petitioner's private] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[.]" *Mathews*, 424 U.S. at 335. It is undisputed that Petitioner was not "provided [with] individualized advance notice identifying the grounds for revocation, no meaningful opportunity to contest those grounds, and no hearing before a neutral decisionmaker." Dkt. # 7 at 1–2; *see generally* Dkt. # 4.

"[W]hen noncitizens are summarily detained without any notice or procedure, courts in this District conclude that the risk of erroneous deprivation is high." *Corzo v. Scott*, 2026 WL 3181727, at *3 (W.D. Wash. Oct. 23, 2026) (citing *Fiston v. Bondi*, 2026 WL 926064, at *3 (W.D. Wash. Apr. 6, 2026)). Purportedly, Petitioner was detained because he failed to request ICE's permission when he moved from California to Washington. Dkt. # 6-2 at 3. But mere belief that Petitioner violated an OREC condition "does not eliminate [the Respondents'] obligation to effectuate the detention in a manner that comports with due process." *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Also, the Respondents' records show that Petitioner claimed he did not inform ICE because his attorney told him he was not required

to do so. Dkt. # 6-2 at 4. Given the recognized risk of error in re-detentions without notice or a pre-deprivation hearing, *see E.A.T.-B.*, 795 F. Supp. 3d at 1322, this factor favors Petitioner.

C. Government's Interest

The third *Mathews* factor weighs the Government's interest in re-detaining Petitioner. *Mathews*, 424 U.S. at 335. Courts will consider "The fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* In addition, "preventing flight" and a general interest in "protecting the community" are recognized Government interests in immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Courts in this District, however, have repeatedly found that "the Government's interest in re-detaining non-citizens previously released without a hearing is low[.]" *Fiston*, 2026 WL 926064, at *4; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

The Court finds the same here. Though it may require "the expenditure of finite resources (time and money)" to provide noncitizens with notice and a pre-deprivation hearing, "those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." *E.A.T.-B.*, 795 F. Supp. 3d at 1324. In addition, Petitioner's re-detention does not advance Respondents' interest in community safety or preventing flight. *See Zadvydas*, 533 U.S. at 690. As Petitioner notes and the Court agrees, "The record identifies no criminal history, missed immigration court hearing[s], or failure to appear at a[n immigration] check-in." Dkt. # 7 at 3. Thus, the third *Mathews* factor favors the Petitioner.

In sum, all three *Mathews* factors favor Petitioner. The Respondents' re-detention of Petitioner without notice or a pre-deprivation hearing violates the due process protections afforded to him by the Fifth Amendment. Thus, the Court concludes Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. 28 U.S.C. § 2241.

## IV
## CONCLUSION

For these reasons, the Court GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to the same OREC conditions of release that governed before his re-detention. The Court also ORDERS that Petitioner will not be re-detained unless and until he is provided with adequate notice and a hearing before a neutral decisionmaker.

The Clerk is directed to send uncertified copies of this Order to all counsel of record.

DATED this 30th day of October, 2026.

John H. Chun
United States District Judge